BOWES, Judge.
This is a suit by the plaintiff bank to recover funds paid by it in exchange for defendant’s warrant. The major issues raised on appeal were covered by the trial judge in a most scholarly manner, and we adopt his reasons as our own:
“REASONS FOR JUDGMENT
The Board of Commissioners for the Pontchartrain Levee District issued a warrant directed to the State Comptroller payable to Farmer Construction Co., Inc., in the sum of $32,084.10. Farmer Construction Co., Inc., negotiated this instrument to St. James Bank and Trust Co. in exchange for two cashier’s checks. Before the warrant reached the State Comptroller however the Board of Commissioners stopped payment and the warrant was returned to the bank unpaid. This suit followed.
*234 The bank contends that it is a holder in due course of a negotiable instrument as defined in LSA-R.S. 10:3-104 and as such entitled to recover from the Pontchartrain Levee District. The district contends that a warrant is not a negotiable instrument relying upon two Louisiana cases, State ex rel. Smith v. Dubuclet, 23 La.Ann. 267, and Boxwell v. Department of Highways, 203 La. 760, 14 So.2d 627, as well as authorities from other jurisdictions.
All of the cases cited by the district are inapplicable for the reason that as far as this court can determine all were based upon the ‘law merchant’ which has now been replaced by the ‘Commercial Laws’ as embodied in LSA-R.S. 10:1-101 et seq. This court has been cited to no authority which holds that a government warrant is not a negotiable instrument under the commercial law presently in force defining negotiable instruments.
In Boxwell v. Department of Highways, supra, relied upon by the defendant the court stated:
‘Then too, we agree with the district court that the warrants given by the Commission cannot form the basis of a legal demand. They are payable out of a particular fund, and hence are not negotiable instruments.’
This decision is, however, plainly overruled by LSA-R.S. 10:3-105(g), [10:3-105(l)(g)], which provides that a promise or order for payment is not made conditional by the fact that the instrument ‘is limited to payment out of a particular fund or the proceeds of a particular source, if the instrument is issued by a government or governmental agency or unit.’ The warrant here was issued by a governmental agency and in the opinion of the court meets all of the requirements of LSA-R.S. 10:3-104 for a negotiable instrument.
In the alternative the district contends that ‘Even if the warrant qualifies as a negotiable instrument, it was nevertheless a collection item and accordingly the bank should not have advanced its funds until the warrant cleared the State Comptroller and the funds were paid by the State Treasurer,’ and cites the testimony of Mr. John Anderson, graduate accountant and long-time employee of the Comptroller’s office, to this effect. Certainly this is good advice which the court is persuaded to believe the bank will take to heart in view of its experience in this case, but the court can find ho provision in the law which denies to a holder in due course of a negotiable instrument the right to recover because the negotiable instrument in question is considered by banks and the Comptroller’s office to be a collection item. Either the instrument is or is not a negotiable instrument. The law does not recognize a particular category of negotiable instruments which are somehow less negotiable because they are ‘collection’ items. Such an argument negates the whole concept of ‘negotiable’. Most banks consider that wisdom and prudence dictate that personal checks drawn on other banks by persons unknown to them be handled as ‘collection’ items, but this in no way affects their status under the law as negotiable instruments. This is a consideration of ‘collectability’ as opposed to ‘negotiability’-
Mr. Anderson testified that the instrument in question here was valid in form and regular on its face and would have been paid without question had it not been for the stop payment order. The stop payment order would have protected the district against Farmer Construction Co., Inc., but it cannot be invoked to defeat the rights of the bank as a holder in due course for value without knowledge of any equities existing between the district and Farmer.
Judgment accordingly.”
Defendant raises the issue of the bank’s negligence in making payment on the defendant’s warrant. As pointed out by the trial judge, the bank was presented an instrument which on its face met all statutory requirements of negotiability and had no notice of any defenses thereto available to the defendant. Defendant made no *235 showing of negligence by the bank, and we conclude there was none.
For the reasons assigned, the judgment appealed from is affirmed.

AFFIRMED.